**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IVAN JOSEPH ECCLES,

    Petitioner,

vs.   Case No.   3:11-cv-330-J-32MCR
                                                 3:09-cr-73-J-32MCR

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

This case is before the Court on Petitioner Ivan Joseph Eccles' Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 and Memorandum in Support (Docs. 1, 2), the United States' Response in Opposition (Doc. 6), and Petitioner's Reply (Doc. 9).[1] Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the petition.

**I.   Background**

On March 12, 2009, Petitioner was charged with murder-for-hire, in violation of 18 U.S.C. §1958.  (Crim. Doc. 13.)   Petitioner pled guilty on April 15, 2009.  (Crim. Doc. 43 at 8.)  At his August 28, 2009 sentencing hearing, the court calculated Petitioner's total offense level at 34, criminal history category I, yielding a Guidelines range of 151 to 188 months of imprisonment, which was reduced to the statutory maximum of 120 months.  (Crim. Doc. 36

---

[1]   Citations to Eccles' criminal case file, United States v. Ivan Joseph Eccles, 3:09-cr-73-J-32MCR, are denoted as "Crim. Doc. ___." Citations to Eccles' civil § 2255 case file, 3:11-cv-330-J-32MCR, are denoted as "Doc. ___."

at 6.) The Petitioner was ultimately sentenced to a term of 120 months imprisonment. (Crim. Doc. 31.)

Petitioner appealed, and the Eleventh Circuit affirmed his conviction on July 2, 2010. (Crim. Doc. 46.) Petitioner filed the instant motion on April 7, 2011, alleging that he received ineffective assistance of counsel at sentencing. (Doc. 2 at 4-5.)

**II.    Discussion**

To establish a claim for ineffective assistance of counsel, a defendant must demonstrate: (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) that the defendant was prejudiced by the deficiencies in counsel's performance. Strickland v. Washington, 466 U.S. 668, 688, 691-92 (1984). Judicial scrutiny of counsel's performance is highly deferential. Id. at 689. A defendant must overcome the presumption that, under the particular circumstances, the challenged action could be considered sound trial strategy. Id. Because of this strong presumption of competent assistance, a defendant's burden of persuasion is a heavy one: the defendant must establish that no other competent counsel would have taken the same action. Wood v. Allen, 542 F.3d 1281, 1303 (11th Cir. 2008).

Petitioner asserts his counsel was ineffective because she: (1) failed introduce a report of a psychological exam conducted in 2009 (the "2009 psychological report"); (2) failed to object to the imposition of the statutory maximum sentence; (3) failed to argue for a downward departure; (4) failed to argue that the sentence created an unwarranted sentence

disparity; and (5) failed to properly advise Petitioner in regards to entering a written plea agreement. The Court will address each argument in turn.

1. Failure to Introduce the 2009 Psychological Report

Petitioner has not shown that counsel was ineffective for failing to introduce the 2009 psychological report. At sentencing, "counsel is not required to present all mitigation evidence." Wood, 542 F.3d at 1306; see Haliburton v. Sec'y for the Dep't of Corr., 342 F.3d 1233, 1244 (11th Cir. 2003) ("Counsel must be permitted to weed out some arguments to stress others and advocate effectively."). Moreover, the Eleventh Circuit has "never held that counsel must present all . . . mental illness mitigating . . . evidence . . . in order to render effective assistance of counsel." Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995). Here, counsel presented a 1984 psychological report that illustrated Petitioner's troubled past. (Crim. Doc. 36 at 11-12.) Counsel had no duty to present further mitigation evidence.

2. Failure to Object to Imposition of the Statutory Maximum Sentence

Petitioner alleges that counsel was ineffective for failing to object to the imposition of the statutory maximum sentence because: (1) counsel failed to object when the sentencing court improperly considered the Sentencing Guidelines; (2) counsel failed to argue for a downward variance; and (3) counsel failed to object when the court presumed the reasonableness of the recommended sentencing range.

a. Failure to Object to Consideration of Sentencing Guidelines

Petitioner asserts that, pursuant to § 3553(a)(4)(A), the court should not have considered the Guidelines sentencing range before imposing the statutory maximum

sentence. Petitioner's argument, however, is incorrect. "A district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." Gall v. United States, 552 U.S. 38, 49 (2007). When a Guidelines range is in excess of the statutory maximum imposed by Congress, that statutory maximum sentence becomes the Guidelines sentence. U.S.S.G. § 5G1.1(a). After the Guidelines sentence is determined, the court considers the § 3553(a) factors to determine whether a non-Guidelines sentence is warranted. Id. at 50. One of those factors is "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." 18 U.S.C. § 3553(a)(4)(A). A sentencing court thus may consider the pre-statutory cap Guidelines range when determining whether a non-guidelines sentence is appropriate. Counsel therefore had no legal basis to object to the court's consideration of the Guidelines range.

### b. Failure to Argue for a Downward Variance

Petitioner's argument that counsel was ineffective for failing to argue for a downward variance is also without merit. Counsel argued for downward variance both in the Sentencing Memorandum filed with the sentencing court (Crim. Doc. 29 at 14), and at the sentencing hearing by requesting imposition of a non-prison sentence, (Crim. Doc. 36 at 17).

### c. Failure to Object to Presumed Reasonableness of Guidelines Sentence

Petitioner's contention that the sentencing court improperly presumed the reasonableness of the guidelines sentence is similarly without factual basis. Although a court may not presume that a Guideline sentence is reasonable, see, e.g., United States v.

Talley, 431 F.3d 784, 786 (11th Cir. 2005), Petitioner has cited to no evidence that the Court made such a presumption.[2]  Instead, the court engaged in a § 3553(a) factor analysis before imposing the statutory maximum sentence.  (See Crim. Doc. 36.)  Counsel thus had no legal basis to object to the manner in which the court considered the Guidelines.

### 3. Failure to Argue for a Downward Departure

Petitioner also asserts his counsel was ineffective for not arguing for a downward departure under U.S.S.G. § 5K2.10 based on the notion that his wife's conduct provoked him into trying to have her murdered.  This argument has no merit.

### 4. Failure to Object to Unwarranted Sentencing Disparity

Relying on United States v. Summers, 506 F. Supp. 2d 686 (D.N.M. 2007), Petitioner next argues that counsel was ineffective for failing to object on the basis that his sentence created an unwarranted disparity.  In Summers, a grandmother sought to hire someone to murder her son-in-law, who she thought was sexually molesting her young granddaughter.  Id. at 687-88.   After the grandmother pled guilty to violating 18 U.S.C. § 1958, the court imposed a sentence of time served and supervised release with home confinement.  Id. at 687.

Petitioner's counsel did not have a legal basis to object on the grounds of an unwarranted sentencing disparity.  While Congress requires courts to "consider" the need

---

[2] Petitioner cites only to the following statement from the court:  "And as [the court] looked at this situation and searched and have continued to search for any permissible basis for [the court] to sentence Mr. Eccles to anything but the statutory maximum, [the court] simply [has] failed to find it." (Crim. Doc. 36 at 43.)  This passage simply does not indicate that the court presumed that a Guidelines sentence is reasonable.

5

to avoid unwarranted disparities, it does not prohibit disparate sentences when warranted by the circumstances.  See Gall, 552 U.S. at 54 (holding that because "the District Judge correctly calculated and carefully reviewed the Guidelines range, he necessarily gave significant weight and consideration to the need to avoid unwarranted disparities.").  The facts of Summers are distinguishable.  Moreover, "[c]iting one case in which a lower sentence was imposed clearly cannot establish an unwarranted disparity under 18 U.S.C. § 3553(a)(6)."  United States v. Sanchez-Ramirez, 497 F.3d 531, 536 n.6 (5th Cir. 2007).

5. <u>Failure to properly advise Petitioner in regards to a written plea agreement</u>

Finally, Petitioner argues that his counsel was ineffective in rendering assistance before he entered into a written plea agreement.  This claim is groundless, as Petitioner did not enter into a written plea agreement.  (Crim. Doc. 43 at 8.)

Accordingly, it is hereby

**ORDERED:**

Petitioner Ivan Joseph Eccles' Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.

CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL
IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion.  28 U.S.C. § 2253(c)(I).  Rather, a district court must first issue a certificate of appealability (COA).  Id.  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  Id. at §

2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'"  Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).  Petitioner has not made the requisite showing in these circumstances.  Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Jacksonville, Florida this 18th day of July, 2012.

                                                                                        _____
                                                                                        TIMOTHY J. CORRIGAN
                                                                                        United States District Judge

mh.
Copies:
counsel of record
pro se party